# IN THE COURT OF APPEALS OF IOWA

No. 19-0549
Filed June 5, 2019

**IN THE INTEREST OF A.W., M.W., and C.P.,**
**Minor Children,**

**M.P., Mother,**
        Appellant.
_____

        Appeal from the Iowa District Court for Pottawattamie County, Scott D.

Strait, District Associate Judge.


        A mother appeals the juvenile court order terminating her parental rights.

**AFFIRMED.**



        Roberta J. Megel of State Public Defender Office, Council Bluffs, for

appellant mother.

        Thomas J. Miller, Attorney General, and Anna T. Stoeffler, Assistant

Attorney General, for appellee State.

        Marti D. Nerenstone, Council Bluffs, guardian ad litem for minor children.


        Considered by Vogel, C.J., and Mullins and Bower, JJ.

**BOWER, Judge.**

A mother appeals the juvenile court order terminating her parental rights. We find there is sufficient evidence in the record to support termination of the mother's parental rights. We find the services provided by the State were reasonable under the circumstances. Also, we find termination of the mother's parental rights is in the children's best interests. We affirm the juvenile court's decision.

## I.    Background Facts & Proceedings

M.P. is the mother of twins, A.W. and M.W., born in 2016, and C.P., born in 2018.[1] The mother's parental rights to an older child, D.W., were terminated in 2015. A.W. and M.W. were removed from the mother's care on August 8, 2017, and placed in foster care. The mother tested positive for methamphetamine and marijuana. Hair testing of the children was also positive for methamphetamine.

On September 26, A.W. and M.W. were adjudicated to be children in need of assistance (CINA), under Iowa Code section 232.2(6)(c)(2), (n), and (o) (2017). In October, the mother was charged with domestic-abuse assault for punching the maternal grandmother. The mother did not report for random drug tests or obtain a substance-abuse evaluation. She was sporadic in attending visitation with the children.

The mother tested positive for methamphetamine and marijuana in April 2018. When C.P. was born, the mother also tested positive for methamphetamine and marijuana. C.P. was removed from the mother's care on May 2, 2018, and

---

[1]    D.W. is the father of the twins, while O.P. is the father of C.P. Neither father has appealed the termination of their parental rights.

placed in foster care. C.P. was adjudicated CINA under section 232.2(6)(c)(2), (n), and (o) (2018).

The mother completed a substance-abuse treatment program in August. She then attended outpatient substance-abuse and mental-health treatment. The mother was placed in a residential correctional facility (RCF) in October and November. After the mother left the RCF, she began living with the maternal great-grandmother, who subsequently died. The mother was inconsistent in participation in services and attending visitation. Additionally, she did not attend the children's medical appointments, although she was requested to attend.

The State filed a petition to terminate the mother's parental rights to A.W. and M.W. on August 31, 2018. A petition to terminate the mother's parental rights to C.P. was filed on December 24, 2018. The mother did not visit the children between December 24, 2018, and the date of the termination hearing, January 24, 2019. There was evidence the mother tested positive for alcohol in the week before the termination hearing.

The juvenile court terminated the mother's parental rights pursuant to section 232.116(1)(e), (g), and (h). The court found the mother "was unable to make her children her priority nor was she able to consistently place herself in a place of importance in the children's lives." The court stated, "The children need permanency in their lives," and found termination of the mother's parental rights is in the children's best interests. The mother appeals the termination of her parental rights.

## II.      Standard of Review

We review de novo the termination of parental rights.  *In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012).   "There must be clear and convincing evidence of the grounds for termination of parental rights."  *In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016).   Where there is clear and convincing evidence, "there are no serious or substantial doubts as to the correctness [of] conclusions of law drawn from the evidence."  *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010) (citation omitted).  The paramount concern in termination proceedings is the best interests of the children. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006).

## III.     Sufficiency of the Evidence

The mother claims there is not sufficient evidence in the record to support termination of her parental rights.  "When the juvenile court orders termination of parental rights on more than one statutory ground, we need only find grounds to terminate on one of the sections to affirm."  *In re T.S.*, 868 N.W.2d 425, 435 (Iowa Ct. App. 2015).   We will focus on the termination of the mother's rights under section 232.116(1)(g).

Section 232.116(1)(g) applies when (1) a child has been adjudicated CINA, (2) the parent's rights "to another child who is a member of the same family" have been terminated, (3) the parent "continues to lack the ability or willingness to respond to services which would correct the situation," and (4) "[t]here is clear and convincing evidence that an additional period of rehabilitation would not correct the situation."

Regarding section 232.116(1)(g), the juvenile court found:

> The circumstances which led to the termination of those rights [to D.W.] continue to exist today. Services have been offered to correct these problems. However, the parents have failed to fully participate in services or put themselves in a position to resume care of these children. The Court further finds that an additional period of time would not help in correcting the situation.

The court also stated, the mother "has not complied with the terms and conditions of the case plan. She has been inconsistent with visitation. She has missed all of her children's medical appointments. She has not put herself in a position to parent or be regularly involved in the raising of her children." We agree with the juvenile court's findings.

We conclude the mother's parental rights were properly terminated under section 232.116(1)(g). The children were adjudicated CINA. The mother's rights to an older child, D.W., were terminated in 2015. Despite receiving services over a long period of time, there were still concerns with the mother's sobriety and her commitment to the children. Finally, there is clear and convincing evidence the situation would not be resolved if the mother was given additional time.

## IV. Reasonable Efforts

As part of her arguments concerning the sufficiency of the evidence, the mother claims the State did not engage in reasonable efforts to reunite her with the children. She states she should have been given more visitation time. In the termination order, the juvenile court found the State had engaged in reasonable efforts.

While the mother now claims she was not given enough visitation with the children, the record shows the mother did not fully utilize the visitation time she was given. The mother was inconsistent in attending visitation throughout the time

the children were removed from her care. At the time of the termination hearing, she had not seen the children for a month. "[I]n considering the sufficiency of evidence to support termination, our focus is on the services provided by the state and the response by [the parent], not on services [the parent] now claims the [Iowa Department of Human Services] failed to provide." *In re C.B.*, 611 N.W.2d 489, 494 (Iowa 2000). We find the services provided by the State were reasonable under the circumstances of the case.

## V.     Best Interests

The mother claims termination of her parental rights is not in the best interests of the children. She states she has a strong bond with the children. In considering a child's best interests, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010) (quoting Iowa Code § 232.116(2)). "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *Id.* at 41.

We find termination of the mother's parental rights is in the children's best interests. As the juvenile court noted, the mother "has not put herself in a position to parent or be regularly involved in the raising of her children." The mother did not attend the children's doctor appointments, even after the State requested she attend the appointments. In addition, her contact with the children was inconsistent and sporadic.

We affirm the juvenile court's decision terminating the mother's parental rights.

**AFFIRMED.**